# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| § | | |
| Petitioner, § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| REAL PROPERTY LOCATED AND § | SA-09-CV-0713 XR | |
| SITUATED AT 1201 DELAWARE ST., § | | |
| SAN ANTONIO, BEXAR COUNTY, § | | |
| TEXAS, REAL PROPERTY LOCATED § | | |
| AND SITUATED AT 1203 DELAWARE § | | |
| ST., SAN ANTONIO, BEXAR COUNTY, § | | |
| TEXAS, JOHN BELTRAN, SR. and § | | |
| MARIA T. BELTRAN, § | | |
| § | | |
| Respondents. § | | |

## ORDER DENYING APPOINTMENT OF COUNSEL

This order addresses the motions for appointment of counsel for respondents John Beltran Sr. and wife Maria T. Beltran.[1] These matters have been referred to me for determination.[2]

After considering the Beltrans' requests, the controlling law, and the facts of this case, I deny the motions.

The Fifth Circuit has directed that requests for appointment of counsel in civil cases will be granted only upon a showing of "exceptional circumstances" considering the following four factors:

(1) the type and complexity of the case;
(2) whether the [pro se litigant] is capable of adequately presenting his case;
(3) whether the [pro se litigant] is in a position to investigate adequately the case;

---

[1] Docket entry #s 19, 26 & 27.

[2] Docket entry #s 22 and 29.

and

(4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.[3]

A litigant in a civil case has no absolute right to appointment of an attorney.[4] The pro se litigant has the burden of persuasion as to the necessity of the appointment.[5]

Application of the applicable factors does not indicate extraordinary circumstances in this case.

**1.** **<u>Type and complexity of the case</u>**. This lawsuit is a civil forfeiture action under 21 U.S.C. § 881(a)(7). The applicable law and respective burdens of proof in actions like this one are well-settled.

> The government bears the initial burden of demonstrating probable cause to believe that the [Beltrans' property] was used to distribute or store illegal drugs. "Probable cause" under section 881 is tested by the same criteria used to determine whether probable cause exists for a valid search and seizure: whether the government has provided a reasonable ground for believing that the house was used for illegal purposes. "If unrebutted, a showing of probable cause alone will support a forfeiture."[6]

After the government establishes probable cause, "a claimant must prove by a preponderance of the evidence that either (1) the property was not used for an illegal purpose; or (2) the illegal use of the property was without his knowledge or consent."[7] This burden is not complex or onerous.

---

[3] *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

[4] *Pennington v. Tex. Highway Dep't*, 990 F.2d 627, 627 (5th Cir. 1993).

[5] *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1310 (5th Cir. 1977).

[6] *United States v. Lot 9, Block 2 of Donnybrook Place, Harris County, Tex.*, 919 F.2d 994, 997-98 (5th Cir. 1990) (internal citations omitted).

[7] *United States v. Two Parcels of Property Located at 19 & 25 Castle St.*, 31 F.3d 35, 39 (2d Cir. 1994). *See United States v. Forfeiture, Stop Six Ctr, Located at 3340 Stallcup, Fort*

If the respondent properties were not used for illegal activity or the illegal use of the properties was without the Beltrans' knowledge or consent, the Beltrans can meet this burden without an attorney. The type and complexity of this case does not present an extraordinary circumstance.

2. **Whether the Beltrans are capable of adequately presenting their case**. John Beltran, Sr., is 59 years old and completed 11 years of formal education.[8] Although Beltran indicated he suffers from various mental illnesses, he explained that he receives treatment for his illnesses.[9] At the detention hearing in his criminal case, the undersigned heard evidence that Beltran is a former minister. Beltran has prior litigation experience: He successfully challenged a prior state court conviction which was set aside by the United States District Court. In a subsequent malpractice case against his criminal defense attorney, Beltran was awarded $9 million.[10] Maria T. Beltran is 57 years old and is a high school graduate.[11] Thus far, the Beltrans answered the

---

*Worth, Tex.*, 794 F. Supp. 626, 636 (N.D. Tex.,1992) ("Once the government establishes probable cause, the burden shifts to the claimants to show, by a preponderance of the evidence, that they have a defense to the forfeiture.").

[8]*See* docket entry # 25. Although this document is titled as a "motion to proceed in forma pauperis," I direct movants to use this form to obtain information to assist in determining whether extraordinary circumstances exist for appointing counsel.

[9]*Id*.

[10]*See* Cause No. SA-09-CR-368-XR, docket entry # 24 (discussing reasons for detention in his criminal case); Robert Elder, Jr. *If Jesse Sanchez Isn't the Worst Lawyer in Texas, Who Is?*, Texas Lawyer, Jan. 12, 1998, at 2.

[11]*See* docket entry # 28. Although this document is titled as a "motion to proceed in forma pauperis," I direct movants to use this form to obtain information to assist in determining whether extraordinary circumstances exist for appointing counsel.

government's verified complaint,[12] asked for the appointment of counsel,[13] filed a claim for the respondent properties,[14] and responded to the court's orders.[15] The Beltrans' pleadings indicate they can adequately present their case. The Beltrans' abilities to present their case present no extraordinary circumstance.

3. **Whether the Beltrans can investigate adequately the case**. John Beltran, Sr., is being detained pursuant to his criminal charges. Maria T. Beltran is not in custody. Regardless of custodial status, the Beltrans are in the best position to show that the respondent properties were not used for an illegal purpose or the illegal use of the properties was without their knowledge or consent, because they resided on the respondent properties at the time of the events described in the government's verified complaint. The Beltrans have access to any available information that might rebut the government's showing of probable cause. As the residents of the property, the Beltrans have little or no need for investigation. Notably, John Beltran, Sr., retained an attorney to represent him in his criminal case, but both John Beltran, Sr., and Maria Beltran indicated they made no effort to obtain counsel for this case.[16] The Beltrans' ability to investigate this case does not present an extraordinary circumstance.

4. **Whether the evidence will consist in large part of conflicting testimony**. It is unclear whether the evidence in this case will consist of conflicting testimony because the Beltrans have

---

[12] Docket entry #s 20 & 21.

[13] Docket entry # 19.

[14] Docket entry # 24.

[15] *See* docket entry #s 25, 26, 27 & 28.

[16] *See* docket entry #s 26 & 27.

generally denied the government's allegations and the parties have not disclosed their witnesses. Nothing, however, suggests the Beltrans are unable to examine witnesses offered in support of their version of the facts, or to cross-examine government witnesses who may contradict their version of the facts. Conflicting testimony does not does not present an extraordinary circumstance.

## Court's Order

Having determined that the application of the applicable factors does not indicate extraordinary circumstances, I DENY the Beltrans' motions for appointment of counsel (docket entry #s 19, 26 & 27).

**SIGNED** on December 1, 2009.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE